2024 IL App (2d) 230485-U
No. 2-23-0485
Order filed February 13, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21-CF-1857 |
| TAMIM SAMADI, | ) ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Appeal dismissed where our decision would be advisory.

¶ 2   Defendant, Tamim Samadi, appeals the October 27, 2023, order of the circuit court of Kane County denying pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), commonly known as the Pretrial Fairness Act (Act). See Pub. Acts. 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18,

2023).[1] On appeal, defendant argues that the trial court erred when it determined that the Act does not apply to individuals detained on a petition to revoke probation. For the reasons set forth below, we dismiss defendant's appeal.

¶ 3                                    I. BACKGROUND

¶ 4    The limited common law record filed in this appeal discloses that during a hearing on October 25, 2023, defense counsel noted that he had previously filed a motion to reconsider conditions of pretrial release in another matter (case No. 23-CF-991), and that he would be filing a similar motion in this matter (case No. 21-CF-1857), "which is a post-sentence matter." The following day, defense counsel filed a "Motion for Reconsideration of Pretrial Release Conditions" (Motion) in case No. 21-CF-1857. In the Motion, defense counsel indicated that, as of September 18, 2023, "[d]efendant is in custody for the offense [a]ggravated [b]attery to a [p]eace [o]fficer [*sic*], and has been imposed certain pretrial release conditions including that the [d]efendant would be released if they [*sic*] posted cash bail." Defense counsel further wrote that "the offense of [d]elivery of a [c]ontrolled [s]ubstance[] is an offense *** not listed in subsection (a)" of section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). Defense counsel asserted that defendant was entitled to a hearing on the Motion within seven days.

¶ 5    On October 27, 2023, the trial court held a hearing on the Motion as well as other pleadings filed in case No. 23-CF-991. At the beginning of the hearing, the trial court noted that, with respect

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act. However, neither the titles "Pretrial Fairness Act" nor "SAFE-T Act" is official, as neither appears in the Illinois Compiled Statutes or the public acts. *Rowe*, 2023 IL 129248, ¶ 4 n.1.

to case No. 21-CF-1857, "that case is not pretrial." The court asked defense counsel "[u]nder what provision of the Act does the pretrial release apply to a post-sentence case?" Defense counsel responded:

> "Judge, under 730 ILCS 5/5-6-4, which is the violation, modification or revocation of probation statute, under subsection (3)(b) [*sic*], it indicates that the court shall conduct a hearing of the alleged violation. The court shall admit the [d]efendant to pretrial release pending the hearing unless the alleged violation is itself a criminal offense, in which case the offender shall be admitted to pretrial release on such terms as are provided under the Code ***."

The State asserted that case No. 21-CF-1857 "is no longer pretrial, that the changes of the law related to pretrial release, and that the *** Act govern [*sic*] pretrial release, not post-trial release," so defendant's bail should remain set in case No. 21-CF-1857. Defense counsel replied that the statute "does couch it in a language of pretrial release on a post-sentence case," so defendant was entitled to release pending a hearing on the Motion.

¶ 6    The trial court denied pretrial release in case No. 23-CF-991.[2] The court then remarked that case No. 21-CF-1857 was "kind of moot at this point." Nevertheless, the court found that "the pretrial release measures do not apply to post-trial cases" and therefore left the monetary bond in place.

---

[2]In *People v. Samadi*, 2024 IL App (2d) 230486-U, we affirmed the trial court's ruling in case No. 23-CF-991.

¶ 7    On November 9, 2023, defense counsel filed a notice of appeal. The Office of the State Appellate Defender was appointed to represent defendant and filed a memorandum in support of defendant's appeal. The State filed a response thereto.

¶ 8                                    II. ANALYSIS

¶ 9    On appeal, defendant argues that the Act applies to cases pending on petitions to revoke probation. The State argues that we lack jurisdiction over this appeal because neither the rules of our supreme court or the Act allow for an interlocutory appeal from a petition to revoke probation. Alternatively, the State contends that no purpose would be served by remanding this cause for another hearing because a denial of defendant's request to be released with conditions would have been appropriate in this case.

¶ 10    In the memorandum in support of his appeal, defendant contends that jurisdiction lies in this court pursuant to Article VI, Section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). The constitutional provision cited by defendant provides in relevant part that the supreme court "may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Ill. Const. 1970, art. VI, § 6). Rule 604(h)(1) (eff. Dec. 7, 2023) provides as follows:

"(1) Orders Appealable. An appeal may be taken to the Appellate Court from an interlocutory order entered under sections 110-5, 110-6, and 110-6.1 of the Code *** as follows:

(i) by the State and by the defendant from an order imposing conditions of pretrial release;

(ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii) by the defendant from an order denying pretrial release; or

(iv) by the State from an order denying a petition to deny pretrial release."

In this case, defendant's Motion referenced provisions of the Act and requested reconsideration of "pretrial release" conditions. In response, the trial court denied defendant's request. In its written order, the court noted that the matter was before it "on the defendant's motion for reconsideration of pretrial release conditions on both 23CF991 and 21CF1857." And although defendant's argument at the detention hearing was premised on section 5-6-4(b) of the Unified Code of Corrections, that section refers to "pretrial release" and, tacitly, to the Act. 730 ILCS 5/5-6-4(b) (West 2022) ("The court shall conduct a hearing of the alleged violation [of probation]. The court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided in the Code of Criminal Procedure of 1963, as amended."). The Act is the provision of the Code that addresses pretrial release. 725 ILCS 5/art. 110 (West 2022). Thus, defendant's appeal is from an order "denying pretrial release." We therefore reject the State's argument and conclude that we have jurisdiction to consider defendant's appeal.

¶ 11 Nevertheless, as defendant concedes in his memorandum, the trial court ordered him detained pending trial in case No. 23-CF-991. Defendant appealed from the trial court's order in case No. 23-CF-991, but we affirmed. *People v. Samadi*, 2024 IL App (2d) 230486-U. Thus, as a practical matter, any substantive decision rendered in this appeal would, essentially, be advisory. "Generally, reviewing courts will not render advisory opinions or consider an issue when it will not affect the result." *People v. Brown*, 236 Ill. 2d 175, 195 (2010). Accordingly, we dismiss defendant's appeal. We additionally observe that when the mandate in defendant's companion case (*Samadi*, 2024 IL App (2d) 230486-U) issues, this appeal will be moot.

¶ 12                                    III. CONCLUSION

¶ 13    For the foregoing reasons, we dismiss defendant's appeal.

¶ 14    Appeal dismissed.